# CASES

## ARGUED AND DETERMINED

### IN

# THE SUPREME COURT

### OF

## THE STATE OF MISSOURI.

### JANUARY TERM, 1876, AT ST. LOUIS.

---

THE STATE OF MISSOURI, Respondent, *vs.* DOMINICO DANINA, BASTINIO LOMBARDO and ANTONIO CATTALONA, Appellants.

1. *Indictment—Numbering of counts—Election of Prosecutor—Verdict—Error.*— An indictment contained twenty-one counts, which were not numbered at the time of its filing, and for convenience sake they were numbered in couples, so that the seventh and eighth were marked "4th," and on the counts so marked the prosecuting attorney elected to proceed. But the court, disregarding this mark, designated them on the margin of the indictment as "4th" and "5th," and instructed the jury that they could find against the prisoners only on those counts. However, it appeared that the designation by the court was clear and unmistakable, and was understood by the jury, and that their verdict was founded upon the counts so designated. *Held*, that the case showed no error.

### *Appeal from St. Louis Criminal Court.*

C. P. *Johnson*, for Appellants, cited, State vs. Daubert, 42 Mo., 242; Com. vs. Mahar, 16 Pick. [Mass.], 120; Gregory vs. State, 46 Ala., 151; Johnson vs. State, 46 Ala., 212; Com. vs. Seymore, 2 Brews. [Pa.], 567; People vs. Valencia, 43 Cal., 552.)

477

*Normille, Circuit Att'y*, for State.

WAGNER, Judge, delivered the opinion of the court.

The defendants were indicted for murder in the first degree, for the killing of one Palermo, and were convicted of that offense in the lower court. The indictment contained twenty-one counts, and on the trial the State elected to proceed on the fourth and fifth counts; but it is contended that the court instructed the jury to find their verdict on the seventh and eighth counts, and that constitutes the main error complained of.

An examination of the record shows that the respective counts in the indictment were not numbered when the same was filed in the court; but the counsel, upon the trial, for convenience grouped two counts together, and designated them by a single figure in the margin. Thus, the first two counts were marked with the figure "1," the second two by the figure "2," the third two by the figure "3," and the fourth two by the figure "4," and these last two counts thus designated by the figure 4, are the counts on which the circuit attorney elected to prosecute.

The reason of this grouping of the counts together, and then designating two of them by a single figure, was undoubtedly in consequence of the fact that the first count charged one of the defendants as principal in committing the crime, and the second count charged the others as being present aiding and assisting him. The third count then charged one of those who were previously named in the second count as principal, and the others as being present aiding and abetting, and the subsequent counts were varied in the same way. The seventh and eighth counts, according to this arrangement, were designated as the fourth. When the election was made the court disregarded the connection of the two counts by the prosecutor, and designated them as the fourth count, and fifth count, in strong bold letters marked with a blue pencil on the margin, and told the jury they were the only counts on which a conviction was asked.

After thus marking the counts in a manner so clear and determinate that it was impossible to mistake them, the court told the jury by instructions, that the fourth count was the one in which Cattalona was charged with the murder of Palermo, and the fifth count was the one in which Danina and Lombardo were charged with aiding and abetting him to commit the act. An examination of the indictment discloses the fact that the counts thus designated "4th, count" and "5th count," by the court, are the only counts in which these charges are made. The instructions are plain and intelligible, and are directed to the issues raised by these counts and no others.

The jury seem to have readily comprehended them, for by their verdict they found Cattalona guilty as charged in the fourth count as marked by the court, and Danina and Lombardo guilty under the fifth count. Their verdict is directly responsive to these counts, and to these only.

From the record it appears unmistakably that the election was made to try upon the counts marked by the court; that the instructions were based upon these counts; that the jury so understood the case, and found their verdict upon them.

There is nothing here that can be construed into error. The points insisted upon for a reversal are destitute of even technical force.

The judgment should be affirmed. All the judges concur, except Judge Vories, who is absent.